## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 21-15245 (KHT) |
| TERRA MANAGEMENT GROUP, LLC, | ) | |
| EIN: 84-1501624 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | | _____ |
| In re: | ) | Case No. 21-15246 (KHT) |
| | ) | |
| LITTLETON MAIN STREET LLC | ) | Chapter 11 |
| EIN: 84-1463375 | ) | |
| | ) | Jointly Administered in |
| Debtor. | ) | Case No. 21-15245 (KHT) |

_____
## CREDITORS KEATENS' OBJECTION TO THE DISCLOSURE STATEMENT
_____

Creditors, Delaney Keaten and Kathleen Keaten ("Keatens"), through undersigned counsel, hereby object to Debtors' Terra Management Group, LLC and Littleton Main Street, LLC's ("Debtors") Disclosure Statement to Accompany Debtors' Joint Plan of Reorganization (Doc. #143) ("Disclosure Statement"), and in support state as follows:

### BRIEF INTRODUCTION

Debtors' Disclosure Statement is inadequate. Debtors appear to concede as much by filing a *Motion to Continue Disclosure Statement Hearing and Reset Objection Deadline* (Doc. #164). Among other things, the value of Debtors' assets is unknown. As a result, it is impossible for creditors, like the Keaten, to determine whether they would be better served through reorganization under the proposed Plan or would be better off if those assets were simply liquidated. The Disclosure Statement similarly does not contain adequate information as to the value being retained by Debtors' under the Plan or the Debtors' ability to satisfy the best

interests of creditors test.

The Keatens request that the Plan and Disclosure Statement be denied, that Debtors be required to file a new Plan and Disclosure Statement, and that the Court terminated the 11 U.S.C. § 1121(c) exclusivity period for filing a plan.

## BACKGROUND

As acknowledged in the Disclosure Statement, Debtors filed their bankruptcies as a result of a state court judgment entered against Debtors in favor of the Keatens. *See* Disclosure Statement at 7. There, the District Court for Arapahoe County found that Debtors had caused significant and permanent brain injury to the Keatens. The Court further found that Debtors had "acted in a willful and wanton manner, in causing Plaintiffs' injuries, damages or losses" and that the injuries had been "purposefully committed by [Debtors] who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly…." Moreover, among other findings, the Court found that Debtor "consciously disregarded the known risk of ongoing harm to Plaintiffs' health." As a result, the District Court for Arapahoe County awarded Kathleen Keaten and Delany Keaten actual and punitive damages of $4,429,372 and $6,116,636, respectively (the "Keatens' Judgment").

Prior to the Keatens' Judgment, the Debtors were generally able to pay their expenses as they became due. *See* Disclosure Statement at 7. Additionally, Debtors' managing member regularly received compensation in the form of both salary and profits. Debtors seek to use this bankruptcy to alleviate themselves of the Keaten Judgment and return to that prior state of business.

Aside from debt related directly to the Keatens' Judgment, all of Debtors' debts are to

Littleton Main's mortgage holder and to normal operational trade debt. The Keatens represent over 97% of the unsecured claims in this bankruptcy. *See* 21-15245 at Doc. #4; 21-15246 at Doc. #4. Including the debt owed to Debtors' attorneys from the Keaten's lawsuit, the Keatens' Judgment plus those attorney fees related debt amounts to over 99.9% of all of the Debtors' debt. *Id*.

## OBJECTION

1. <u>No Adequate Information on the Value of Debtors' Assets</u>. Underlying all of the Keatens' objections is that there is no attempt made in the disclosure statements to provide a legitimate valuation of Debtors' assets. At the June 30, 2022 hearing on Debtors' *Motion for Approval of Post-Petition Loan Agreement*, counsel for Debtors acknowledged that their own valuation experts were already determining that the valuations originally set forth by Debtors were low. The Disclosure Statement must contain adequate, admissible, and accurate information regarding the value of both entity Debtors.

2. <u>No Adequate Information Regarding Liquidation</u>. As a result of the inadequate information regarding the value of Debtors' assets, it is impossible for creditors, or the Court, to conduct the liquidation analysis required by 11 U.S.C. § 1129(a)(7). That is, the Keatens cannot determined whether they would receive value under the Plan that is greater than the value they would receive if the Debtors had liquidated under chapter 7.

3. <u>No Adequate Information Regarding Value Retained</u>. Similarly, there is inadequate information regarding the value of the assets and equity that would be retained by Debtors under the proposed Plan. Without this information, creditors, such as the Keatens, cannot determine if they are being adequately provided for under the Plan or if the Debtors, and

their equity holders, are retaining any value.

## CONCLUSION

For the foregoing reasons, the Debtors' request that the Plan and Disclosure Statement be denied, that Debtors be required to file a new Plan and Disclosure Statement, and that the Court terminated the 11 U.S.C. § 1121(c) exclusivity period for filing a plan.

Dated: June 30, 2022.

> By /s/ Alan D. Sweetbaum
> Alan D. Sweetbaum No. 13491
> Sweetbaum Sands Ramming PC
> 1125 17th Street, Suite 2100
> Denver, Colorado 80202
> Telephone (303) 296-3377
> Facsimile (303) 296-7343

## CERTIFICATE OF SERVICE

     I certify that on June 30, 2022, I served a complete copy of the foregoing on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Michael J. Pankow
BROWNSTEIN HYATT FARBER
SCHRECK LLP
410 17TH STREET, SUITE 2200
DENVER, CO 80202

                                                                          *S/Phyllis Pierce*